1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| OLIVIA GARCIA, Regional Director of Region 21 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Plaintiff,<br><br>vs.<br><br>FALLBROOK HOSPITAL CORPORATION d/b/a FALLBROOK HOSPITAL,<br><br>Defendant. | CASE NO. 13CV1159-GPC(WMC)<br><br>**TEMPORARY INJUNTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. SEC. 160(j)]** |
|---|---|

This case came to be heard on the petition of Olivia Garcia, Regional Director of Region 21 of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended (29 U.S.C. Sec. 160(j); herein called the Act), pending final disposition on the matters involved pending before the Board. The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel, and the entire record in this case, has made and filed its findings of fact and conclusions of law, finding and concluding that Petitioner is likely to successfully establish in administrative proceedings that Respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (5) of the Act (29 U.S.C. Sec. 158(a)(1) and (5)), affecting commerce

within the meaning of Section 2(6) and (7) of the Act (29 U.S.C. Sec. 152(6) and (7), and that such acts and conduct will likely be repeated or continued unless enjoined. Now, therefore, upon the entire record, and having reviewed both parties' proposed temporary injunction order, it is ORDERED, ADJUDGED AND DECREED, that, pending final disposition of the matters involved pending before the Board:

1.  Respondent Fallbrook Hospital Corporation d/b/a Fallbrook Hospital, its officers, agents, successors, and assigns, and all persons acting in concert or participation with it, are enjoined from:

    (a) Failing and refusing to consider California Nurses Association/National Nurses Organizing Committee (CNA/NNOC), AFL-CIO (herein called the Union) proposals or to present its own proposals during collective-bargaining agreement negotiations, unless and until it receives all of the Union's proposals;

    (b) Failing and refusing to bargain with the Union over terms of a collective-bargaining agreement unless and until the Union agrees that unit employees discontinue the use of Assignment Despite Objection (ADO) forms;

    (c) Failing and refusing to bargain with the Union about the terminations of two unit employees;

    (d) Failing and refusing to provide the Union with relevant, requested information;

    (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act (29 U.S.C. Sec. 157).

2.  Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it are affirmatively ordered pending final Board adjudication to:

    (a) Immediately following issuance of the District Court's Order, and on request of the Union, meet and bargain in good faith with the Union as the exclusive representative of the Unit employees on terms and conditions of employment and, if

an understanding is reach, embody the understanding in a signed agreement;

(b) Immediately following issuance of the District Court's Order, and on request of the Union, meet and bargain in good faith with the Union as the exclusive representative of the Unit employees about the terminations of unit employees Martha Robinson and Libby Sandwell;

(c) Within ten (10) days of the issuance of the District Court's Order, provide the Union with a list of the Registered Nurses (RNs) in the emergency room that have been terminated within the last three years and the reasons for the terminations.

(d) Within five (5) days of the issuance of the District Court's Order, post copies of the District Court's Order at the Respondent's Fallbrook Hospital, in English, where notices to employees are customarily posted; the posting to be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements; and all employees shall have free and unrestricted access to said Order;

(e) Grant to agents of the Board reasonable access to Respondent's Fallbrook Hospital in order to monitor compliance with the posting requirement; and

(f) Within twenty (20) days of the issuance of the District Court's Order, file with the District Court and submit a copy to the Regional Director of Region 21 of the Board, a sworn affidavit from a responsible official of Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of this decree, including how it has posted the District Court's Order; correspondence exchanged between Respondent and the Union memorializing Union requests to bargain; dates that the Respondent and Union have met and/or are scheduled to meet for purposes of collective-bargaining agreement negotiations; and the information Respondent has provided to the Union in response to the Union's request for list of the Registered Nurses (RNs) in the emergency room that have been terminated within the last three years and the reasons for the terminations.

3. This case shall remain open on the docket of this Court. On compliance by

1  Respondent with its obligations undertaken hereto, and upon final disposition of the
2  matters pending before the Board, the Petitioner shall cause this proceeding to be
3  dismissed.
4          IT IS SO ORDERED.
5
6  DATED: June 11, 2013
7
8                                          HON. GONZALO P. CURIEL
                                           United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -                           [13CV1159-GPC(WMC)]